**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFERS' RESERVE FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. 19-CV-3085<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| WARNER COMMERCIAL, LLC d/b/a WARNER ROOFING & RESTORATION, an Illinois Limited Liability Company, and WARNER CONTRACTING, LLC d/b/a WARNER ROOFING & RESTORATION, an Illinois Limited Liability Company, | ) ) ) ) ) ) | |
| Defendants. | | |

## COMPLAINT

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND *et al*., by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants WARNER COMMERCIAL, LLC d/b/a WARNER ROOFING & RESTORATION ("WARNER COMMERCIAL") and WARNER CONTRACTING, LLC d/b/a WARNER ROOFING & RESTORATION ("WARNER CONTRACTING") as follows:

## JURISDICTION AND VENUE

1.      This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management

Relations Act, 29 U.S.C. §§ 1132, 1145, and 185 (2012). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFERS' RESERVE FUND, and the NATIONAL ROOFING INDUSTRY PENSION PLAN (collectively "Trust Funds") are administered at 2340 S. River Road, Suite 305, Des Plaines, IL 60018 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3.    The Trust Funds receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("Local 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4.    ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("Promotional Fund") is a labor management cooperation committee that is administered in Westchester, Illinois.

5.    ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("Industry Fund") is an industry improvement fund administered in Hillside, Illinois.

6.    WARNER COMMERCIAL is an Illinois Limited Liability Company with its principal place of business in Rockford, Illinois.

7.  Through a Memorandum of Understanding, WARNER COMMERCIAL agreed to be bound by the terms of the SWA. (The Memorandum of Understanding is attached as **Exhibit 1**; the SWA is attached as **Exhibit 2**).

8.  Pursuant to the terms and conditions set forth in the SWA, WARNER COMMERCIAL also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

9.  Pursuant to the Trust Agreements, the Trustees adopted the Employer Contribution Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers. (The Collection Procedures are attached as **Exhibit 3**).

10. WARNER CONTRACING is an Illinois Limited Liability Company with its principal place of business in Rockford, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

11. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-10 of this Complaint with the same force and effect as if fully set forth herein.

12. The provisions of the SWA, Trust Agreements, and the Collection Procedures require WARNER COMMERCIAL to make monthly reports of hours worked by bargaining unit employees and pay contributions to the Trust Funds, the Industry Fund, and the Promotional Fund for each hour worked pursuant to the SWA at the negotiated rate. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to timely submit their

monthly Contribution Reports and contributions to the Trust Funds are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to submit their monthly Contribution Reports and contributions to the Industry Fund and the Promotional Fund on a timely basis are responsible for payment of liquidated damages equal to 10% of the amount unpaid and interest at twelve (12) percent per annum, plus any reasonable attorneys' fees and costs of maintaining suit.

15. Pursuant to the terms of the SWA, employers are required to deduct $1.36 for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to Local 11 on a monthly basis.

16. In order to verify an employers' compliance with the SWA, Trust Agreements, and Collection Procedures, the Trust Funds may perform a payroll compliance audit of an employer at any time.

17. The SWA and Collection Procedures provide that employers must provide any "financial records deemed necessary by the auditor to enable the auditor to render the necessary opinion." (**Exhibit 3**).

18. Further, Article X, Section 12 of the SWA provides that:

> The Employer shall furnish to the Trustees of any trust fund to which contributions are obligated by this Working Agreement, upon written request of each such trust fund, such information and reports as the Trustees or their Auditor may require in the performance of their duties, including, but not limited to: each employee's payroll records (regardless of craft or

occupation) . . . any other financial records deemed necessary by the Auditor to enable the auditor to render the necessary opinions . . .

(**Exhibit 2**).

19.     On several occasions, Plaintiffs' auditor has attempted to contact WARNER COMMERCIAL requesting copies of the payroll records for WARNER COMMERCIAL's alter-ego company, WARNER CONTRACTING.

20.     WARNER COMMERCIAL has refused to cooperate with the requests for these records to complete the audit.

21.     A payroll audit of both WARNER COMMERCIAL and WARNER CONTRACTING is necessary to determine the exact amount of damages owed by Defendant WARNER COMMERCIAL.

22.     Defendant WARNER COMMERCIAL owes Plaintiffs all contributions, liquidated damages, interest, and auditor fees revealed by the payroll compliance audit.

23.     Plaintiffs have complied with all conditions precedent in bringing this suit.

24.     Defendant WARNER COMMERCIAL is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.     That an Order be entered requiring Defendant WARNER COMMERCIAL to comply with a payroll audit of WARNER COMMERCIAL and WARNER CONTRACTING and produce any and all payroll documents and other corporate records necessary to complete the audit;

B.    That a Judgment be entered in favor of Plaintiffs and against Defendant WARNER COMMERCIAL for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

C.    That Defendant WARNER COMMERCIAL be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. §1132(g)(2)(D);

D.    That this Court retain jurisdiction of this case pending compliance with its order; and

E.    That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendant WARNER COMMERCIAL, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## ALTER EGO LIABILITY

25.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-24 of this Complaint with the same force and effect as if fully set forth herein.

26.    Scott Warner is the President and owner of WARNER COMMERCIAL.

27.    Scott Warner is also the President and owner of WARNER CONTRACTING.

28.    WARNER COMMERCIAL operates out of 417 S. Winnebago Street, Rockford, IL 61102.

29.    WARNER CONTRACTING also operates out of 417 S. Winnebago Street, Rockford, IL 61102.

30.    WARNER CONTRACTING uses the same phone number – (815) 877-7663 – as WARNER COMMERCIAL.

31.    WARNER COMMERCIAL and WARNER CONTRACTING share a common business purpose.

32. WARNER COMMERCIAL and WARNER CONTRACTING both conduct business as "Warner Roofing & Restoration."

33. WARNER COMMERCIAL and WARNER CONTRACTING share a common website.

34. Upon information and belief, WARNER COMMERCIAL and WARNER CONTRACTING share operations, equipment, and customers.

35. WARNER COMMERCIAL and WARNER CONTRACTING have commingled assets with each other.

36. WARNER COMMERCIAL and WARNER CONTRACTING are in fact, one in the same company.

37. Recognition of WARNER CONTRACTING's separate corporate existence would sanction fraud or promote injustice in that WARNER COMMERCIAL would be permitted to escape its contractual and financial obligations to the Plaintiffs while doing business as "Warner Roofing and Restoration" simultaneously with WARNER CONTRACTING.

38. WARNER CONTRACTING is the non-union shop of a double-breasted operation and WARNER COMMERCIAL is the union shop of the Defendants' combined operations.

39. As the alter ego of WARNER COMMERCIAL, WARNER CONTRACTING is bound by the terms of the SWA, Trust Agreements, and Collection Procedures. As such, WARNER COMMERCIAL and WARNER CONTRACTING are jointly and severally obligated to pay contributions for each our worked by their employees within the trade and geographic jurisdiction of Local 11.

40. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from WARNER COMMERCIAL and WARNER CONTRACTING.

41.     Plaintiffs have complied with all conditions precedent in bringing this suit.

42.     WARNER COMMERCIAL and WARNER CONTRACTING are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D).


**WHEREFORE**, Plaintiffs respectfully request that:

A.     That this Court enter an Order in favor of Plaintiffs deeming WARNER CONTRACTING the alter ego of WARNER COMMERCIAL;

B.     That an Order be entered requiring Defendant WARNER COMMERCIAL and WARNER CONTRACTING to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

C.     That a Judgment be entered in favor of Plaintiffs and against Defendants WARNER COMMERCIAL and WARNER CONTRACTING, jointly and severally, for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

D.     That Defendants WARNER COMMERCIAL and WARNER CONTRACTING, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D);

E.     That this Court retain jurisdiction of this case pending compliance with its order; and

F.     That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendants WARNER COMMERCIAL and WARNER CONTRACTING, jointly and severally, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT III
## SINGLE EMPLOYER LIABILITY

43.  Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-42 of this Complaint with the same force and effect as if fully set forth herein.

44.  Scott Warner is the President and owner of WARNER COMMERCIAL.

45.  Scott Warner is also the President and owner of WARNER CONTRACTING.

46.  WARNER COMMERCIAL operates out of 417 S. Winnebago Street, Rockford, IL 61102.

47.  WARNER CONTRACTING also operates out of 417 S. Winnebago Street, Rockford, IL 61102.

48.  WARNER CONTRACTING uses the same phone number – (815) 877-7663 – `as WARNER COMMERCIAL.

49.  WARNER COMMERCIAL and WARNER CONTRACTING share a common business purpose.

50.  WARNER COMMERCIAL and WARNER CONTRACTING both conduct business as "Warner Roofing & Restoration."

51.  WARNER COMMERCIAL and WARNER CONTRACTING share a common website.

52.  Upon information and belief, WARNER COMMERCIAL and WARNER CONTRACTING share operations, equipment, and customers.

53.  WARNER COMMERCIAL and WARNER CONTRACTING have commingled assets with each other.

54.  WARNER COMMERCIAL and WARNER CONTRACTING are in fact, one in the same company.

55.  WARNER COMMERCIAL and WARNER CONTRACTING are a "single employer" for the purposes of determining employees' fringe benefit contributions in that they share an

interrelation of operations, common management, centralized control over labor relations and common ownership.

56.     As a single employer with WARNER COMMERCIAL, WARNER CONTRACTING is bound by the terms of the SWA, Trust Agreements, and Collection Procedures. As such, WARNER COMMERCIAL and WARNER CONTRACTING are jointly and severally obligated to pay contributions for each our worked by their employees within the trade and geographic jurisdiction of Local 11.

57.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from WARNER COMMERCIAL and WARNER CONTRACTING.

58.     Plaintiffs have complied with all conditions precedent in bringing this suit.

59.     WARNER COMMERCIAL and WARNER CONTRACTING are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A.     That this Court enter an Order in favor of Plaintiffs deeming WARNER COMMERCIAL and WARNER CONTRACTING a single employer;

B.     That this Court enter an Order requiring Defendants WARNER COMMERCIAL and WARNER CONTRACTING to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

C.     That a Judgment be entered in favor of Plaintiffs and against Defendants WARNER COMMERCIAL and WARNER CONTRACTING, jointly and severally, for all

contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

D.   That Defendants WARNER COMMERCIAL and WARNER CONTRACTING, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures and 29 U.S.C. § 1132(g)(2)(D);

E.   That this Court retain jurisdiction of this case pending compliance with its order; and

F.   That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendants WARNER COMMERCIAL and WARNER CONTRACTING, jointly and severally, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**ROOFERS PENSION FUND** *et al.*

/s/ Lucas J. Habeeb
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com